# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF ILLINOIS
# SPRINGFIELD DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 20-CR-30021 |
| | ) |
| **CHARLES R. HAYS,** | ) |
| | ) |
| Defendant. | ) |

## OPINION AND ORDER

**SUE E. MYERSCOUGH, U.S. District Judge:**

Before the Court is Defendant Charles R. Hays' Motion for Compassionate Release (d/e 85), in which he requests a reduction in sentence and immediate release, or such other relief as the Court deems just, pursuant to 18 U.S.C. Section 3582(c)(1)(A), as amended by the First Step Act of 2018. Considering the sentencing factors in 18 U.S.C. Section 3553(a) and Section 1B1.13 of the Sentencing Guidelines, the Defendant has not shown that such a reduction is warranted. Therefore, the Defendant's Motion (d/e 85) is DENIED.

## BACKGROUND

On March 4, 2020, a three-count Indictment was filed against the Defendant. The three counts charged the Defendant with

possession of 50 or more grams of methamphetamine with intent to distribute, possession of 5 or more grams of methamphetamine with intent to distribute, and possession of a firearm in furtherance of a drug trafficking crime. (d/e 7).

On August 17, 2021, the Defendant filed a Motion to Suppress Evidence Illegally Seized. (d/e 33). The Government filed a Response to the Motion to Suppress on August 19, 2021. (d/e 35). After considering both the Motion and Response, the Court entered an Opinion denying the Motion to Suppress. (d/e 38).

On October 1, 2021, the Defendant entered a conditional plea of guilty to Count 1 of the Indictment, pursuant to Rule 11(a)(2), and an open plea of guilty to Counts 2 and 3. Fed. R. Crim. P. 11(a)(2). Magistrate Judge Schanzle-Haskins entered a Report and Recommendation, recommending that this Court accept Defendant's guilty pleas. (d/e 46). On October 20, 2021, the Court adopted the Report and Recommendation of Judge Schanzle-Haskins and accepted the Defendant's guilty pleas, including his conditional plea of guilty on Count 1. See October 20, 2021 Text Order.

On December 14, 2022, the Defendant was sentenced to imprisonment, as follows: 120 months on Count 1 of the Indictment,

60 month on Count 2 of the Indictment to run concurrently to Count 1, and 60 months on Count 3 to run consecutively to Counts 1 and 2 of the Indictment. A 5-year term of supervised release was imposed to run concurrently on each of Counts 1, 2, and 3 of the Indictment. (d/e 70).  On December 27, 2022, a Notice of Appeal was filed with the Seventh Circuit Court of Appeals by the Defendant challenging this Court's denial of the Defendant's Motion to Suppress Illegal Evidence.  (d/e 73).  The Seventh Circuit Court of Appeals entered a Final Judgment on January 12, 2024 and issued a Mandate on February 5, 2024 affirming the decision of this Court.  (d/e 84).

On January 30, 2026, the Defendant filed the pending pro se Motion for Compassionate Release.  (d/e 85).  Defendant Hays is currently detained at FCI Marion in the custody of the Bureau of Prisons.  The Defendant's Motion requests compassionate release on the following grounds:  (1)  significant sentencing disparities between similarly situated defendants;  (2) extraordinary rehabilitation and consistent institutional employment; (3) severe family hardship due to his mother's disability and lack of caregiving support; (4) the unique hardships of incarceration during the COVID-19 pandemic; and (5) the excessive nature of his punishment in light of evolving

sentencing practices and the § 3553(a) factors. On February 3, 2026, the Court entered an Order directing the Government to file its response to the Defendant's Motion by February 17, 2026. See February 3, 2026 Text Order.

On February 17, 2026, the Government filed a Response opposing the Defendant's Motion. (d/e 87). The Government argues this Court should deny the Defendant's Motion for Compassionate Release as it relates to grounds 2 and 4 because Defendant did not raise and exhaust those grounds in his original motion to the Bureau of Prisons ("BOP"), as required by Section 2582(c). Further, the Government argues that the Defendant has failed to establish extraordinary reasons for early release based upon the other grounds and, more generally, argues that the Defendant's release is not proper under the factors detailed in Section 3553(a).

## LEGAL STANDARD

A court is generally statutorily prohibited from modifying a term of imprisonment once it has been imposed. See 18 U.S.C. § 3582(c). However, several statutory exceptions exist, one of which allows the Court to grant a defendant compassionate release if certain requirements are met. See 18 U.S.C. § 3582(c)(1)(A).

Section 603(b)(1) of the First Step Act, codified at 18 U.S.C. Section 3582(c)(1)(A), allows an inmate to file a motion for compassionate release with the Court after exhausting certain administrative remedies. The statute provides:

> The court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

18 U.S.C. § 3582(c)(1)(A). "Only after finding an extraordinary and compelling reason for release need the [Court], as part of 'exercising the discretion conferred by the compassionate release statute, . . . consider any applicable sentencing factors in § 3553(a)[.]'" United

States v. Ugbah, 4 F.4th 595, 597 (7th Cir. 2021) (quoting United States v. Thacker, 4 F.4th 569, 576 (7th Cir. 2021)).

## ANALYSIS

As an initial matter, the Government argues that the Defendant has not properly exhausted his administrative remedies under 18 U.S.C. § 3582(c)(1)(A). (d/e 87). The Defendant has offered documentation that on October 21, 2025, he requested compassionate release from the warden of his BOP facility, "due to sentence disparity," his "mother[']s poor health" and the "3553 factors[,]" but that more than 30 days passed without any response to his request. The Government concedes that the Defendant's request to the BOP encompassed three of the five grounds raised in his Motion. In addition, the Government does not present any evidence that the Defendant ever received a response to his request from the warden that would have required further exhaustion efforts within the BOP. (d/e 87).

The Court agrees that Defendant has not completely met the requirement as to all five grounds raised in his Motion. However, the Court will proceed on the merits of the Defendant's Motion-- specifically, whether the Defendant has presented extraordinary and

compelling reasons warranting compassionate release and a reduction in sentence.

### A. Significant Sentencing Disparities Between Similarly Situated Defendants.

Although the Court found that the sentence imposed was greater than necessary to achieve the purposes of sentencing under 18 U.S.C. § 3553(a), it was statutorily mandated. At the time of the Defendant's sentencing, the Court did take into consideration the sentencing disparity in guidelines between methamphetamine (actual) and a mixture or substance containing methamphetamine when imposing a sentence below the guideline range. Therefore, the Court already considered the possible disparities raised in the Defendant's Motion and made a variance in the Defendant's favor during his sentencing hearing. The Court could not and cannot now deviate from the statutory minimum sentence. Therefore, no further reduction is appropriate.

### B. Extraordinary Rehabilitation and Consistent Institutional Employment.

The Court commends the Defendant for his accomplishments during his incarceration and encourages him to continue to enhance his education and workforce skills. While the Defendant is making

choices that will be beneficial upon his release from imprisonment, his participation in educational courses and institutional employment while incarcerated is not an extraordinary and compelling reason warranting an early release.

### C. Severe Family Hardship Due to Mother's Disability and Lack of Caregiving Support.

Section 1B1.13(b)(3)(C) of the Sentencing Guidelines provides that "[t]he incapacitation of the defendant's parent when the defendant would be the only available caregiver for the parent" falls within the "extraordinary and compelling reasons" warranting a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A). However, the Defendant's Motion for Compassionate Release does not establish that his mother is incapacitated or that he is the only available caregiver.

The Court notes that the Defendant has filed an Affidavit signed by his mother as well as a printout of her medical conditions, surgeries, and medications. The Defendant's mother describes herself as "disabled and handicapped due to chronic medical conditions" and lists "many basic household tasks" that she cannot perform independently, in addition to being unable to drive herself to

out-of-town medical appointments. Upon review of her medical list, the Court notes a significant history of spinal issues. While the Court believes that Defendant's mother suffers pain and limited mobility and requires assistance with various tasks, her Affidavit does not support a conclusion that she is "incapacitated" as contemplated by the Sentencing Guidelines. In addition, both the Defendant and his mother state that there is another family member who has been available to assist Defendant's mother. However, this other family member works full-time and cannot drive Defendant's mother to all of her appointments. Nonetheless, the Defendant is not his mother's "only available caregiver."

In sum, while the Court does not consider the declining health of a parent lightly, that is not a compelling reason warranting compassionate release.

### D. Unique Hardships of Incarceration During the COVID-19 Pandemic.

The Defendant states in his Motion (d/e 85) that he suffers from high blood pressure, high cholesterol, and gout. He states that managing these chronic conditions has been difficult in a prison setting, especially during the COVID-19 pandemic. He further states

that he endured the entirety of the pandemic while incarcerated under restrictive and stressful conditions far harsher than contemplated by his original sentence.

The COVID-19 pandemic was indeed an unusual and difficult time for the entire world. The Defendant did persevere during these uncertain and tumultuous time. The Court recognizes the hardships endured by those incarcerated during that time period. However, the pandemic and accompanying restrictions are no longer in place. The Defendant does not show any lasting repercussions that cannot be treated while he is incarcerated.

Further, the Defendant does not provide evidence that any condition has caused severe illness or caused serious impairment requiring specialized care. The Defendant has not shown any deterioration in his condition, which could be described as extraordinary or compelling to warrant a reduction of his sentence. Therefore, the Court does not consider this a compelling and extraordinary factor for early release.

Having considered the relevant factors set forth in 18 U.S.C. Section 3582(c)(1)(A), the Court concludes that the Defendant has not established that any extraordinary and compelling reasons to

warrant a reduction in his term of imprisonment. To the extent the Defendant believes any of his medical treatment rises to the level of deliberate indifference, and, therefore, a constitutional violation, 42 U.S.C. Section 1983 allows an individual in custody a civil remedy for such actions.

### E. Excessive Nature of Defendant's Punishment in Light of Evolving Sentencing Practices and the § 3355(a) Factors.

Lastly, the Government argues that early release of the Defendant under Section 3553(a) is not warranted. (d/e 87). The Court agrees with and adopts the position of the Government.

As stated, the Court commends the Defendant on his efforts at rehabilitation. However, the Defendant has a long criminal history. The Defendant's likelihood of recidivism is high. Remaining in the custody of the BOP will only reinforce the Defendant's continued rehabilitation. While the Court hopes for the best for the Defendant's health and rehabilitation, the Court cannot allow his early release or any reduction in his sentence because he does not meet the criteria under § 3582(c)(1)(A).

After a review of the Defendant's Motion for Compassionate Release (d/e 85), the Government's Response (d/e 87), and the

attached exhibits, the Court finds that the Defendant has not demonstrated compelling or extraordinary reasons for release.

The Court, therefore, finds that a reduced sentence in this case, decreasing the Defendant's term of incarceration, would not sufficiently "protect the public from further crimes of the defendant." See 18 U.S.C. § 3553(a). The Court also finds that a reduced sentence would not "promote respect for the law," or "provide just punishment for the offense." Id. In addition, a reduction would not provide adequate deterrence to criminal conduct of the Defendant.

## CONCLUSION

For the reasons set forth above, Defendant Charles Hays' Motion for Compassionate Release (d/e 85) is DENIED.

**IT IS SO ORDERED.**

**ENTERED: March 13, 2026**

**FOR THE COURT:**

                                                         s/ *Sue E. Myerscough*
                                                         **SUE E. MYERSCOUGH**
                                                         **UNITED STATES DISTRICT JUDGE**